IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CONRAD EUGENE HAMMAN,

    Petitioner,

v.                                  CASE NO. 5:03-cv-00066-MP-MD

CHARLIE CRIST,
JAMES V CROSBY, JR,

    Respondents.

_____/

**O R D E R**

This matter is before the Court on Doc. 19, Report and Recommendation of the Magistrate Judge, recommending that the Petition for Writ of Habeas Corpus should be denied. The Petitioner filed objections, at doc. 22, which the Court has reviewed. For the reasons which follow, the Report and Recommendation is adopted and this case dismissed.

Petitioner filed a petition under 28 U.S.C. § 2254, raising the following claims:

1. Vindictive sentence.
2. Denial of right to conduct discovery.
3. Trial court error in refusing to appoint counsel.
4. Trial court error in refusing to appoint substitute counsel.
5. Trial court error in failing to conduct Nelson inquiry.
6. Trial court error in failing to conduct Farretta inquiry.
7. Trial court continuing error in failing to offer appointed counsel.
8. Fundamental error by conviction without supporting evidence.
9. Prosecutorial misconduct in telling the jury that an icepick is a dangerous weapon.
10. Trial court error in restricting cross-examination of adverse witnesses.
11. Trial court error in failing to grant mistrial but instead continuing case.
12. Prosecutorial misconduct in telling the jury that the state charges only crimes it can convict.
13. Judicial partiality, in telling the state to obtain certified copies of convictions.
14. Trail court error in imposing habitual offender sentence.

Of these, the Magistrate Judge found that all but two are procedurally defaulted. The Court

agrees with the Magistrate Judge that petitioner failed to raise his vindictive sentence claim as a federal issue in the state court, relying instead on a line of only Florida cases. Accordingly, he has not fairly presented that issue to the state courts and cannot raise it here. Also, except for two issues, the petitioner should have raised the remaining issues on direct appeal. He did not, and accordingly all issues are procedurally defaulted except the issue of his alleged denial of the right to discovery and the issue of appointment of substitute counsel.

The Court agrees with the Magistrate Judge that neither of these claims has merit. First, petitioner can point to no case establishing a constitutional right to take discovery in a criminal case, much less to be present at a deposition. Accordingly, petitioner cannot show that the state unreasonably applied established constitutional law, as required under <u>Williams v. Taylor</u>, 529 U.S. 362 (2000). Second, the Court agrees with the Magistrate Judge and with <u>United States v. Brown</u>, 591 F.2d 307 (5th Cir. 1979) in holding that where counsel is offered, but a defendant refuses the offer because he claims that public defenders are generally incompetent, he has elected to represent himself, and cannot later complain of the quality of his pro se representation. As the Magistrate Judge points out, nothing in the <u>Faretta</u> decision suggests otherwise.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge is adopted and incorporated herein. This action is DISMISSED, and the clerk is directed to close the file.

**DONE AND ORDERED** this  _7th_  day of June, 2005

*s/Maurice M. Paul*

Maurice M. Paul, Senior District Judge
